FILED
2021 MAR1
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **JODI Z.**, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** <br> **Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:19-cv-01007-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Jodi. Z's ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary. Based upon the analysis set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

On October 7, 2016, Plaintiff applied for DIB alleging disability due to various mental and physical impairments.[2] Plaintiff's application was denied initially and again upon reconsideration.[3] After

---

[1] ECF No. 21.

[2] ECF No. 17, Administrative Record ("AR ___") 11, 547, 558.

[3] AR 479-82, 485-87.

Plaintiff appeared before an Administrative Law Judge ("ALJ") for an administrative hearing on the record, the ALJ issued a written decision on December 14, 2018, denying Plaintiff's claims for DIB.[4] On November 20, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review.[5] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On January 6, 2020, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[6]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Williams v. Bowen*, 844

---

[4] AR 18-26.

[5] AR 1-7.

[6] ECF No. 3.

F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that the impairment prevents performance of her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform [her] previous work, [she] is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience." *Id*. (quotations and citation omitted); 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," she is not disabled. 20 C.F.R.

§ 404.1520(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v).

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (I) at step two of the sequential evaluation process by failing to determine that certain alleged impairments of Plaintiff's were severe; (II) by failing to account for certain physical impairments in the RFC determination and in the hypotheticals posed to the vocational expert; (III) in his treatment of certain medical opinions and evidence; and (IV) in analyzing Plaintiff's symptoms. The court will address each of those arguments in turn.

### I. THE ALJ DID NOT ERR AT STEP-TWO

Plaintiff generally contends that the ALJ erred at step two by failing to determine that Plaintiff's post-concussive syndrome was a severe impairment. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original). The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Id.*

In this case, the ALJ determined that Plaintiff suffered from several severe impairments.[7] Although the severe impairments that the ALJ determined Plaintiff had did not include all impairments that Plaintiff alleged and that Plaintiff believes should have been included, the ALJ did not deny benefits at step two and proceeded to step three. Under these circumstances, Plaintiff's argument can, at best, rise

---

[7] AR 13-14.

to the level of "harmless error," which is insufficient to reverse and remand this matter to the Commissioner. Consequently, Plaintiff's argument fails.

## II. THE ALJ DID NOT ERR IN THE RFC DETERMINATION OR IN THE HYPOTHETICALS POSED TO THE VOCATIONAL EXPERT

Although included in her arguments concerning step two, Plaintiff argues that the ALJ erred by failing to account for certain limitations in the RFC determination. Specifically, Plaintiff appears to take issue with the ALJ's RFC determination as it relates to Plaintiff's post-concussion syndrome. However, at best, all Plaintiff has established is harmless error not reversible error.

Plaintiff asserts that the ALJ did not properly account for Plaintiff's post-concussion syndrome in the RFC assessment and, therefore, the RFC and the hypothetical formulated from the RFC, are deficient. In support of that assertion, Plaintiff points to select portions of the record that, according to Plaintiff, show that the ALJ should have included more restrictions for the alleged impairment in Plaintiff's RFC.

Plaintiff's arguments are without merit because they are nothing more than an effort to reargue the weight of the evidence, which is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. Instead, the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight") (emphasis omitted).

Substantial evidence exists to support the ALJ's finding on this issue because, even though he did not use the term "post-concussion syndrome," the ALJ considered the symptoms of that condition in his analysis. For example, the ALJ discussed Plaintiff's cognitive ability, migraine headaches, nausea, and

5

photosensitivity.[8] Plaintiff has not shown that the ALJ failed to consider a material limitation upon Plaintiff resulting from post-concussion syndrome. Therefore, at best, Plaintiff's argument shows only harmless error, which is insufficient to reverse and remand this case to the Commissioner.

## III. THE ALJ DID NOT ERR IN HIS TREATMENT OF MEDICAL OPINIONS AND EVIDENCE

Regarding the medical opinions and evidence, Plaintiff argues that (A) the ALJ erred in his treatment of Plaintiff's treating physicians' medical opinions; and (B) the ALJ erred by failing to consider Dr. Geri Alldredge's ("Dr. Alldredge") opinions. Both arguments are without merit.

### A. Treating Physicians' Medical Opinions

Plaintiff argues that the ALJ erred by failing to follow the requirements for considering treating source opinions when assessing the opinions of Dr. Tim McGaughy ("Dr. McGaughy") and his nursing assistant, Marcia Lidtke, APRN ("Ms. Lidtke"). Plaintiff also argues that the ALJ erred in his treatment of the medical opinions of Sean Doyle, D.O. ("Dr. Doyle"). The ALJ properly considered the relevant factors required under the treating physician rule. This rule provides that "[a] treating physician's opinion must be given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014). If an opinion is not entitled to controlling weight, the ALJ must still determine what weight, if any, to assign to the opinion by considering the factors set forth at 20 C.F.R. § 404.1527. *Id.* at 1176-77. The ALJ must give good reasons for the weight he assigns to the opinion, and specific, legitimate reasons if he rejects the opinion completely. *Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003). Although the ALJ need not explicitly discuss each factor, *Oldham,* 509 F.3d at 1258, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *Watkins,* 350 F.3d at 1300.

---

[8] AR 16-18.

The ALJ relied upon proper factors to support the conclusion that the medical opinions of Dr. McGaughy, Ms. Lidtke, and Dr. Doyle were entitled to "little weight." With respect to the opinions of Dr. McGaughy and Ms. Lidtke, the ALJ engaged in a proper analysis of those opinions. To support discounting the weight given to those opinions, the ALJ properly relied on the fact that Ms. Lidtke's opinions, which were co-signed by Dr. McGaughy, were not supported by her treatments notes, which show a positive response to treatment, "endorse[] improvement with medication," and report that Plaintiff is doing well overall.[9] The ALJ also properly relied on the fact that Ms. Lidtke's opinions were inconsistent with the results presented in the mental examination report and neuropsychological evaluation.[10] Plaintiff's assertion that the ALJ discounted the opinions of Ms. Lidtke on sole account that a nurse is not an acceptable medical source, as shown above, is simply not correct.

As for Dr. Doyle's opinions, the ALJ again engaged in a proper assessment of those medical opinions. In support of assigning the opinions little weight, the ALJ properly relied upon the fact that Dr. Doyle's treatment notes were inconsistent with his opinions, as those treatment notes include unremarkable clinical findings with normal physical examinations, normal gait, strength, and sensation.[11] 20 C.F.R. § 404.1527(c)(3)-(4). He also properly relied upon the inconsistencies with the functional capacity results and the medical imaging results.[12] 20 C.F.R. § 404.1527(c)(3). The court will not reweigh this evidence. Madrid, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." (quotations and citation omitted)). Consequently, the ALJ properly considered the relevant factors for considering treating source opinions and gave good reasons for assigning little weight thereto.

---

[9] AR 18.

[10] *Id*.

[11] AR 19.

[12] *Id*.

B. <u>Dr. Alldredge's Opinions</u>

Plaintiff avers that the ALJ erred by ignoring Dr. Alldredge's opinions. This argument fails for two reasons. First, Dr. Alldredge conducted a neuropsychological evaluation, but she did not opine on functional workplace limitations other than to report the diagnostic observations. Accordingly, the ALJ was not required to consider Dr. Alldredge's opinions in formulating Plaintiff's RFC assessment. *See, e.g., Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) (explaining that mere speculation of possible difficulties without opining on functional limitations does not require consideration of the "opinion").

Second, to the extent that Plaintiff argues the ALJ erred by failing to consider the neuropsychological evaluation, the court disagrees. Plaintiff is correct that the ALJ did not expressly discuss the weight afforded to Dr. Alldredge's opinions; however, it is evident from the ALJ's decision that he did consider the neurophysiological evaluation that Dr. Allredge prepared. In fact, contrary to Plaintiff's argument, the ALJ discusses the evaluation at length. In particular, the ALJ noted the evaluation showed intellectual functioning within the normal range and observed good hygiene, appropriate eye contact and social responses, and a calm and focused temperament.[13] The ALJ then discussed how the evaluation compared with the other neuropsychological testing results and observational reports before concluding that Plaintiff's executive functioning issues were non-severe.[14] Because the record demonstrates the ALJ fully discussed Dr. Alldredge's evaluation and provided specific and legitimate reasons for discounting some of her opinions, the court rejects Plaintiff's assertion that the ALJ erred in his consideration of Dr. Alldredge's report.[15]

---

[13] AR 16.

[14] AR 17.

[15] In arguing that the ALJ erred by failing to properly account for Plaintiff's "limitations regarding her ability to sustain attention and [] a normal work day," in the RFC assessment and related hypotheticals, Plaintiff relies exclusively upon her separate argument that the ALJ erred in his treatment of certain medical opinions. Essentially, Plaintiff contends that if different weight had been assigned to the medical opinions of Dr. McGaughy, Ms. Lidtke,

### IV. THE ALJ DID NOT ERR IN ANALYZING PLAINTIFF'S SUBJECTIVE SYMPTOMS IN DETERMINING PLAINTIFF'S RFC

When evaluating a claimant's RFC, the Social Security Administration ("S.S.A.") uses a two-part process for evaluating an individual's subjective, reported symptoms. Soc. Sec. Ruling ("SSR") 16-3p, 2017 WL 51803004, at *2 (S.S.A. October 25, 2017). First, the ALJ must find that the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms. *Id*. at *3. Next, the ALJ evaluates the "intensity, persistence, and functionally limiting effects" of the symptoms to determine the extent to which the symptoms affect the individual's capacity for work. *Id*. at **3-4. To do this, the ALJ must examine the entire case record to determine whether the individual's statements describing the intensity, persistence, and functional limitations, such as pain and other subjective complaints, are consistent with the record evidence. *Id*. at *4. From there, the ALJ considers this information according to the weight the ALJ gives it when formulating an RFC. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

Plaintiff contends that the ALJ erred on the second step of this evaluation by failing to "consider the totality of the evidence in determining the effect Plaintiff's impairments had on her ability to function."[16] In general, Plaintiff merely reargues her disagreements with the ALJ's evaluations of the medical source opinions and treatment of certain medical evidence which the court has already addressed above. In any event, after reviewing the record, the ALJ thoroughly reviewed the medical evidence

---

Dr. Doyle, and Dr. Alldredge, it would have resulted in a different assessment of Plaintiff's RFC and the hypotheticals posed to the vocational expert. Because the ALJ did not err in his weighing of the medical evidence and opinions, the court rejects Plaintiff's arguments concerning the ALJ's hypotheticals concerning such information.

[16] ECF No. 25 at 22.

including, but not limited to, discussion of medical records and observations, non-medical reports and statements, Plaintiff's own reports regarding her physical and mental abilities, and the activities Plaintiff engaged in throughout the relevant time period including effects of any medications and other nonmedication treatments.[17] Moreover, the ALJ provides extensive discussion of how the evidence supports each conclusion, Plaintiff's ability to perform sustained work activities along with specific limitations, and explains how conflicting evidence was considered and resolved.[18] Indeed, Plaintiff's arguments on this issue are nothing more than an attempt to reargue the weight of the evidence before the ALJ. As previously stated, that tactic fails on appeal. *Oldham*, 509 F.3d at 1257. Because the court determines the findings are supported by substantial evidence, the Commissioner's decision is affirmed.

## ORDER

Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED March 1, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] AR 14-19, 21.

[18] *Id.*